# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL KITCHEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 21-CV-0036-W-FJG |
| KANSAS CITY AREA TRANSPORTATION AUTHORITY, | ) |
| Defendant. | ) |

## ANSWER

Defendant Kansas City Area Transportation Authority (KCATA), by and through counsel, states the following for its Answer and defenses to Plaintiff's Petition.

### Parties, General Allegations, Jurisdiction, and Venue

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations about where Plaintiff resides and therefore denies the same. Defendant admits that Plaintiff was formerly employed by Defendant.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that it is a "public entity," but states that it is classified as a political subdivision under Missouri law, and that it was created by an interstate compact between Missouri and Kansas. Defendant admits that it formerly employed Plaintiff. Defendant denies that it is a "citizen" of Missouri.

3. Defendant admits that Plaintiff was previously employed by KCATA. The remainder of the allegations in Paragraph 3 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 3 of Plaintiff's Petition.

4. Although paragraph 4 alleges subject matter jurisdiction based upon this case having been initially filed in a Missouri circuit court, Defendant admits that both the state court and this Court have subject matter jurisdiction.

5. Defendant admits that this Court has personal jurisdiction over Defendant.

6. Defendant admits that venue is proper in this judicial district.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Petition about Plaintiff's age. Defendant admits that Plaintiff is a Black man.

8. Defendant admits that it hired Plaintiff for the Senior Labor Relations Manager position on or about August 31, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Petition about Plaintiff's age at the time of hiring.

9. Defendant admits that the letter offering Plaintiff employment at KCATA came from Ms. Bing. Defendants is without sufficient knowledge or information to form a belief as to the truth of the allegation that Ms. Bind and Mr. Desue "hired" plaintiff into his original position.

10. Defendant admits that the allegations contained in Paragraph 10 of Plaintiff's Petition accurately list some, but not all, of Plaintiff's job duties.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Petition and therefore denies the same.

12. Defendant admits that Plaintiff's title was changed to Manager of Labor Relations as part of a plan to realign position titles with the actual job duties. Defendant admits that Plaintiff was reassigned to report to Mr. Hurley. Defendant is without sufficient knowledge or information

2
WA 16031568.2

to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Petition.

13. Defendant denies that Ms. Shinkle was hired in or around March or April of 2018. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 13 of Plaintiff's Petition.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Petition.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Petition.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Petition.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Petition because of the vagueness of the allegations.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Petition.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Petition.

20. Defendant admits that Shinkle was promoted to the Chief Human Resources Officer position, but denies the remainder of the allegations contained in Paragraph 20 of Plaintiff's Petition. To clarify, Shinkle was promoted to the Chief Human Resources Officer position in September 2019.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Petition.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Petition.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Petition and therefore denies the same.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Petition.

25. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Petition.

26. Defendant admits that sometimes employees are given a trial period for a position if they are able to pass work-related tests for that position. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Petition

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Petition because returning Mann to the position she already had was not a "demotion."

28. Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Petition.

29. Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Petition.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Petition because of the vagueness of its allegations.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Petition.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Petition.

33. Defendant admits the allegations in Paragraph 33 of Plaintiff's Petition.

34. Defendant admits the allegations in Paragraph 34 of Plaintiff's Petition.

35. Defendant admits the allegations in Paragraph 35 of Plaintiff's Petition.

36. Defendant admits the allegations in Paragraph 36 of Plaintiff's Petition.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Petition.

WA 16031568.2

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Petition.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Petition.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Petition.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Petition.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Petition.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Petition.

44. Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Petition.

45. Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Petition.

46. Defendant admits the allegations contained in Paragraph 46 of Plaintiff's Petition.

47. Defendant admits the allegations contained in Paragraph 47 of Plaintiff's Petition.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Petition.

49. Defendant admits the allegations contained in Paragraph 49 of Plaintiff's Petition.

50. Defendant admits the allegations contained in Paragraph 50 of Plaintiff's Petition.

51. Defendant admits the allegations in Paragraph 51 of Plaintiff's Petition.

52. Defendant admits the allegations in Paragraph 52 of Plaintiff's Petition.

53. Defendant admits that Plaintiff was working on reviewing and revising KCATA's written and skills tests, but denies that there was a team working on this project and further denies that Plaintiff was leading any such team.

54. Defendant admits the allegations contained in Paragraph 54 of Plaintiff's Petition.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Petition.

56. Defendant admits the allegations in Paragraph 56 of Plaintiff's Petition.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's Petition. To clarify, the "old test" Plaintiff refers to was still in place at the time, and the new test had not been implemented.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Petition.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Petition.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Petition.

61. Defendant admits the allegations contained in Paragraph 61 of Plaintiff's Petition.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Petition.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Petition.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Petition.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's Petition.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's Petition.

67. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Petition as they relate to Kitchen's mental state. Defendant denies the remainder of the allegations in Paragraph 67 of Plaintiff's Petition.

68. Defendant denies the allegations in Paragraph 68 of Plaintiff's Petition.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's Petition.

70. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Petition.

71. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Petition.

72. Defendant admits the allegations in Paragraph 72 of Plaintiff's Petition.

73. Defendant admits the allegations in Paragraph 73 of Plaintiff's Petition.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's Petition.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Petition.

76. Defendant denies the allegations in Paragraph 76 of Plaintiff's Petition.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's Petition.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's Petition.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's Petition.

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's Petition.

81. Defendant admits that Plaintiff's office was moved to a new location in or about November 2019, but denies the remainder of the allegations contained in Paragraph 81 of Plaintiff's Petition.

82. Defendant admits that Plaintiff could not store the historical files that KCATA had retained within this office, but denies that Plaintiff's new office could not hold all of the files that Plaintiff needed.

83. Defendant denies the allegations in Paragraph 83 of Plaintiff's Petition.

84. Defendant denies the allegations in Paragraph 84 of Plaintiff's Petition.

85. Defendant admits the allegations in Paragraph 85 of Plaintiff's Petition.

86. Defendant admits the allegations in Paragraph 86 of Plaintiff's Petition.

87. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Petition, as these allegations relate to the mental state of Plaintiff.

88. Defendant admits that Plaintiff's office was moved within the Human Resources Department, near the other employees that Plaintiff worked with.

WA 16031568.2

89. Defendant denies the allegations in Paragraph 89 of Plaintiff's Petition.

90. Defendant admits that Plaintiff was presented with a written warning in late January 2020 for telling Hurley to "do it himself" when Plaintiff was asked to draft a last chance agreement for an employee. Defendant denies that this meeting was a one-on-one meeting.

91. Defendant denies the allegations in Paragraph 91 of Plaintiff's Petition.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's Petition.

93. Defendant denies the allegations in Paragraph 93 of Plaintiff's Petition.

94. Defendant admits that Plaintiff claimed he never said, "Why don't you do it yourself?" but denies the remaining allegations in Paragraph 94 of Plaintiff's Petition.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's Petition.

96. Defendant admits that Hurley clearly heard Plaintiff make the statement, but denies the remaining allegations in Paragraph 96 of Plaintiff's Petition.

97. Defendant denies the allegations in Paragraph 97 of Plaintiff's Petition.

98. Defendant admits that Plaintiff denied making the statement Hurley wrote him up for.

99. Defendant admits that Shinkle and Crego both heard Plaintiff make the statement. Defendant denies the remaining allegations in Paragraph 99 in Plaintiff's Petition.

100. Defendant denies the allegations in Paragraph 100 of Plaintiff's Petition.

101. Defendant denies the allegations in Paragraph 101 of Plaintiff's Petition.

102. Defendant denies the allegations in Paragraph 102 of Plaintiff's Petition.

103. Defendant denies the allegations in Paragraph 103 of Plaintiff's Petition.

104. Defendant denies the allegations in Paragraph 104 of Plaintiff's Petition.

105. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiff's Petition.

106. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiff's Petition.

107. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Petition.

108. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Petition.

109. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 of Plaintiff's Petition.

110. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Petition.

111. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Petition.

112. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiff's Petition.

113. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's Petition.

114. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiff's Petition.

115. Answering Paragraph 115, Defendant admits that Kitchen reported to Shinkle an incident that occurred between Kitchen and Merrick, but denies the remaining allegations of Paragraph 115 of Plaintiff's Petition.

116. Defendant denies the allegations in Paragraph 116 of Plaintiff's Petition.

117. Defendant admits the allegations in Paragraph 117 of Plaintiff's Petition.

118. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's Petition.

119. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's Petition.

120. Defendant denies that the incident was never addressed, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 120 of Plaintiff's Petition.

121. Defendant denies the allegations in Paragraph 121 of Plaintiff's Petition.

122. Defendant denies the allegations in Paragraph 122 of Plaintiff's Petition.

123. Defendant admits the allegations in Paragraph 123 of Plaintiff's Petition.

124. Defendant denies the allegations in Paragraph 124 of Plaintiff's Petition, except that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that having Plaintiff report to Miller was "confusing."

125. Defendant denies the allegations in Paragraph 125 of Plaintiff's Petition.

126. Defendant admits that Kitchen was called in for a meeting with Auten and Graham on or about March 12, 2020.

127. Defendant admits the allegations contained in Paragraph 127 of Plaintiff's Petition.

128. Defendant admits the allegations contained in Paragraph 128 of Plaintiff's Petition, except that KCATA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128(i).

129. Defendant denies the allegations in Paragraph 129 of Plaintiff's Petition.

130. Defendant denies the allegations in Paragraph 130 of Plaintiff's Petition.

131. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiff's Petition.

132. Defendant denies the allegations in Paragraph 132 of Plaintiff's Petition.

133. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's Petition.

134. Defendant denies the allegations contained in Paragraph 134 of Plaintiff's Petition.

135. Defendant admits the allegations contained in Paragraph 135 of Plaintiff's Petition.

## COUNT I

**Plaintiff's Retaliation Claim under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.***

136. Answering paragraph 136, Defendant incorporates by reference its responses to paragraphs 1 through 135 of Plaintiff's Petition.

137. Answering Paragraph 137 of Plaintiff's Petition, Defendant admits that it receives federal funding, but denies the remaining allegation of Paragraph 137.

138. Defendant denies the allegations in Paragraph 138 of Plaintiff's Petition.

139. Defendant denies the allegations in Paragraph 139 of Plaintiff's Petition.

140. Defendant denies the allegations contained in Paragraph 140 of Plaintiff's Petition.

141. Paragraph 141 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 141 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for retaliation under the Rehabilitation Act.

## COUNT II

**Plaintiff's Associational Discrimination Claim under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.***

142. Answering paragraph 142, Defendant incorporates by reference its responses to paragraphs 1 through 141 of Plaintiff's Petition.

143. Answering Paragraph 143 of Plaintiff's Petition, Defendant admits that it receives federal funding, but denies the remaining allegation of Paragraph 143.

144. Defendant denies the allegations in Paragraph 144 of Plaintiff's Petition.

145. Defendant denies the allegations in Paragraph 145 of Plaintiff's Petition.

146. Defendant denies the allegations in Paragraph 146 of Plaintiff's Petition.

147. Paragraph 147 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 147 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for associational discrimination under the Rehabilitation Act.

## COUNT III

**Plaintiff's Retaliation Claim under the Americans with Disabilities Act As Amended, 42 U.S.C. § 12101** *et seq.*

148. Answering paragraph 148, Defendant incorporates by reference its responses to paragraphs 1 through 147 of Plaintiff's Petition.

149. Defendant admits the allegations in Paragraph 149 of Plaintiff's Petition.

150. Defendant denies the allegations contained in Paragraph 150 of Plaintiff's Petition.

151. Defendant denies the allegations contained in Paragraph 151 of Plaintiff's Petition.

152. Defendant denies the allegations contained in Paragraph 152 of Plaintiff's Petition.

153. Paragraph 153 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 153 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for retaliation under the ADAAA.

## COUNT IV

**Plaintiff's Associational Discrimination Claim under the Americans with Disabilities Act As Amended, 42 U.S.C. § 12101 *et seq.***

154. Answering paragraph 154, Defendant incorporates by reference its responses to Paragraphs 1 through 153 of Plaintiff's Petition.

155. Defendant admits the allegations in Paragraph 155 of Plaintiff's Petition.

156. Defendant denies the allegations in Paragraph 156 of Plaintiff's Petition.

157. Defendant denies the allegations in Paragraph 157 of Plaintiff's Petition.

158. Defendant denies the allegations in Paragraph 158 of Plaintiff's Petition.

159. Paragraph 159 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 159 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for associational discrimination under the ADAAA.

## COUNT V

**Plaintiff's Race Discrimination Claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.***

160. Answering paragraph 160, Defendant incorporates by reference its responses to paragraphs 1 through 159 of Plaintiff's Petition.

161. Defendant admits the allegations in Paragraph 161 of Plaintiff's Petition.

162. Defendant admits the allegation in Paragraph 162 of Plaintiff's Petition.

163. Defendant admits that Plaintiff appeared to be qualified for the position, but denies that Plaintiff was performing his position to the reasonable expectations of KCATA.

164. Defendant denies the allegations in paragraph 164 of Plaintiff's Petition.

165. Defendant denies the allegations in Paragraph 165 of Plaintiff's Petition.

166. Defendant denies the allegations in Paragraph 166 of Plaintiff's Petition.

167. Paragraph 167 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 167 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for race discrimination under Title VII.

## COUNT VI

**Plaintiff's Retaliation Claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.***

168. Answering paragraph 168, Defendant hereby incorporates by reference its response to paragraphs 1 through 167 of Plaintiff's Petition.

169. Defendant admits the allegations in Paragraph 169 of Plaintiff's Petition.

170. Defendant denies the allegations in Paragraph 170 of Plaintiff's Petition.

171. Defendant admits that Plaintiff appeared to be qualified for his position, but denies that Plaintiff was performing the duties of his position to the reasonable expectations of KCATA.

172. Defendant denies the allegations in Paragraph 172 of Plaintiff's Petition.

173. Defendant denies the allegations in Paragraph 173 of Plaintiff's Petition.

174. Defendant denies the allegations in Paragraph 174 of Plaintiff's Petition.

175. Paragraph 175 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 175 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for race discrimination or retaliation under Title VII.

## COUNT VII

**Plaintiff's Age Discrimination Claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*ated***

176. Answering paragraph 176, Defendant hereby incorporates by reference its responses to Paragraphs 1 through 175 of Plaintiff's Petition.

177. Defendant admits the allegations in Paragraph 177 of Plaintiff's Petition.

178. Defendant admits the allegations in Paragraph 178 of Plaintiff's Petition.

179. Defendant admits that Plaintiff appeared to be qualified for his position, but denies that he was performing the duties of his position to the reasonable expectations of KCATA.

180. Defendant denies the allegations in Paragraph 180 of Plaintiff's Petition.

181. Defendant denies the allegations in Paragraph 181 of Plaintiff's Petition.

182. Defendant denies the allegations in Paragraph 182 of Plaintiff's Petition.

183. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of Plaintiff's Petition.

184. Paragraph 184 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 184 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim for age discrimination under the ADEA.

## COUNT VIII

**Plaintiff's Discrimination and Retaliation Claim under 42 U.S.C. § 1983**

185. Answering Paragraph 185, Defendant hereby incorporates by reference its responses to Paragraphs 1 through 184 of Plaintiff's Petition.

186. Answering Paragraph 186, Defendant admits that it is a public agency. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 of Plaintiff's Petition.

187. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of Plaintiff's Petition.

188. The allegations contained in Paragraph 188 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 given the generic manner in which they are phrased.

189. Answering Paragraph 189, Defendant admits that Plaintiff is Black and over the age of 40. Defendant denies the remaining allegations of Paragraph 189.

190. Defendant admits that Plaintiff appeared to be qualified for his position, but denies that he was performing the duties of his position to the reasonable expectations of KCATA.

191. Defendant denies the allegations in Paragraph 191 of Plaintiff's Petition.

192. Defendant denies the allegations in Paragraph 192 of Plaintiff's Petition.

193. Paragraph 193 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 193 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim under 42 U.S.C. § 1983.

## COUNT IX

**Plaintiff's Claim under Mo. Rev. Stat. 105.055**

194. Answering paragraph 194, Defendant hereby incorporates by reference its responses to Paragraphs 1 through 193 of Plaintiff's Petition.

195. Defendant denies the allegations in Paragraph 195 of Plaintiff's Petition.

196. Defendant denies the allegations in Paragraph 196 of Plaintiff's Petition.

197. Defendant denies the allegations in Paragraph 197 of Plaintiff's Petition.

198. Defendant denies the allegations in Paragraph 198 of Plaintiff's Petition.

199. Paragraph 199 contains a prayer for relief to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 199 of Plaintiff's Petition, and requests that the Court dismiss with prejudice Plaintiff's claim under Mo. Rev. Stat. § 105.055.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Count IX of Plaintiff's Petition fails to state a claim upon which relief can be granted because KCATA was formed pursuant to a bi-state compact between Missouri and Kansas, and it is not subject to Mo. Ann. Stat. § 105.055 because Kansas has not expressly agreed that the burdens of that law may be imposed on KCATA.

2. Plaintiff's damages must be reduced to the extent he has failed to take reasonable steps to mitigate his damages.

3. To the extent Plaintiff seeks punitive damages in excess of those authorized by the Due Process clause of the 14th Amendment to the Constitution of the United States or any portion of the Missouri Constitution, such claims are barred.

4. Plaintiff's claims for damages, including punitive damages, are limited by the damage caps mandated by applicable laws.

5. Defendant reserves the right to further respond and to assert additional affirmative or other defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant asks that Plaintiff take nothing by this suit, that it be dismissed in its entirety with prejudice, that Defendant be awarded its costs, and that the Court order such other relief as it deems appropriate.

SPENCER FANE LLP

/s/ W. Joseph Hatley
W. Joseph Hatley    MO # 33189
Katherine A. Davis    MO # 73198
1000 Walnut Street, Suite 1300
Kansas City, Missouri 64106
Phone: 816-474-8100
Fax:    816-474-3216
jhatley@spencerfane.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2021, I electronically filed the foregoing using the CM/ECF filing system which will send a notice of electronic filing to all attorneys of record.

/s/ W. Joseph Hatley
Attorney for Defendant

18

WA 16031568.2